# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **ESTATE OF ALMA BROWN, et al.,** | § § § § | |
| Appellants, | § § | |
| v. | § § | Civil Action No. 3:25-cv-3225-E |
| **1 GLEN HILL ROAD OPERATIONS, LLC, et al.,** | § § § § | |
| Appellees. | § § § § | |
| **IN RE:** | § § | |
| **GENESIS HEALTHCARE, INC., et al.,** | § § § § | **Chapter 11** **Case No. 25-80185 (SGJ)** |
| Debtors. | § § § | |

## AMENDED MEMORANDUM OPINION AND ORDER[1]

Having appealed an interlocutory order of the bankruptcy court, the Estate of Alma Brown, *et al.*—purported holders of personal injury and wrongful death claims in the above-captioned chapter 11 cases (collectively, "Claimants" or "Appellants")—move this Court to certify the interlocutory order for direct appeal to the Fifth Circuit.[2] Appellants' Mot. for Order Certifying Direct Appeal (ECF No. 10). In addition to opposing the motion, Genesis Healthcare, Inc. and certain of its affiliates and subsidiaries—as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, "Debtor-Appellees")—have filed a separate motion to dismiss this appeal on the grounds that (i) Appellants failed to move for leave to appeal an

---

[1] This Amended Memorandum Opinion and Order supersedes the Memorandum Opinion and Order issued May 26, 2026 (ECF No. 34), which is hereby **VACATED**.

[2] Although Appellants characterize the bankruptcy court order from which they appeal as a "final order," *see* Appellants' Resp. to Mot. to Dismiss Appeal (ECF No. 26 at 7), and not an "interlocutory order," the Court rejects this contention for the reasons stated herein. *See infra* Sec. III.B.1.

**Amended Memorandum Opinion and Order - Page 1**

interlocutory order, thereby depriving this court of jurisdiction over the appeal; and (ii) even had they moved for leave to appeal, they cannot meet the requirements of 28 U.S.C. § 1292(b). Debtor-Appellees' Mot. to Dismiss Appeal (ECF No. 22). After considering the motions, legal briefing, record, and applicable law, and for the reasons discussed below, the Court **DENIES** Appellants' Motion for Order Certifying Direct Appeal (ECF No. 10) and **GRANTS** Debtor-Appellees' Motion to Dismiss Appeal (ECF No. 22).

## I.    Background

On July 9, 2025, Debtor-Appellees filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court"). On October 7, 2025, Debtor-Appellees moved for approval of certain claims procedures, specifically with respect to unliquidated claims, which proposed a streamlined process for liquidating personal injury, wrongful death, and other claims against them and non-debtor co-defendants. *See* Debtors' Motion for Entry of an Order (I) Approving and Authorizing Mandatory Unliquidated Claim Procedures to Resolve Professional Liability and General Liability Claims; (II) Requiring the Debtors' Insurers to Satisfy Their Obligations Under the Applicable Policies; and (III) Granting Related Relief [Bankr. Docket No. 1201] ("Claims Procedures Motion").

On November 6, 2025, following a hearing, the Bankruptcy Court entered an order granting the Claims Procedures Motion [Bankr. Docket No. 1527] ("Claims Procedures Order").

On November 20, 2025, Claimants filed their notice of appeal [Bankr. Docket No. 1645] from the Claims Procedures Order [Bankr. Docket No. 1527]. On November 21, 2025, the appeal was subsequently docketed in this Court (the "Appeal") (ECF No. 1-1). On December 22, 2025, Appellants filed their Motion for Order Certifying Direct Appeal (ECF No. 22). On January 5, 2026, Debtor-Appellants filed their response in opposition (ECF No. 12), and on January 8, 2026,

**Amended Memorandum Opinion and Order - Page 2**

Appellants filed their reply (ECF No. 13). On March 30, 2026, Debtor-Appellees filed their Motion to Dismiss Appeal (ECF No. 22), and on April 6, 2026, Appellants filed their amended response thereto (ECF No. 26).

After a review of the procedural steps and areas of responsibility involved in the direct certification process and the appeal of interlocutory orders from the bankruptcy court, both of which are at issue here, the Court will address the pending motions.

II.     **Review of Procedural Steps for Certification of Direct Appeal and Interlocutory Appeals from the Bankruptcy Court**

Appellants are requesting certification from this Court for direct appeal to the Fifth Circuit of the Claims Procedures Order. *See* ECF No. 10. In addition, they have filed an interlocutory appeal in this Court from the Bankruptcy Courts' Claims Procedures Order. *See* ECF No. 1-1 (Notice of Appeal); ECF No. 17 (Appellants' Brief).

Bankruptcy Rule 8004 governs the procedures for such interlocutory appeals. *See* Fed. R. Bankr. P. 8004. Under this rule, a party seeking appeal must file a notice of appeal accompanied by a motion seeking leave to appeal within the time specified under the Bankruptcy Rules. *See* Fed. R. Bankr. P. 8002(a), 8004(a). The bankruptcy clerk subsequently transmits such materials to the district court without further order of the bankruptcy court. *See* Fed. R. Bankr. P. 8004(c). The district court then determines whether to grant or deny leave to appeal the interlocutory order.

The procedures for the certification of a bankruptcy court order for direct appeal to a federal circuit court of appeals are somewhat different. Bankruptcy Rule 8006 governs such procedures. *See* Fed. R. Bankr. P. 8006. It specifies in relevant part that "[a] party's request for certification under 28 U.S.C. §158(d)(2)(A) . . . must be filed with the clerk of the court *where the matter is pending.* The request must be filed within 60 days after the judgment, order, or decree is entered." Fed. R. Bankr. P. 8006(f)(1) (emphasis added). Bankruptcy Rule 8006(b) further specifies: "For

**Amended Memorandum Opinion and Order - Page 3**

purposes of this rule, a matter remains pending in the bankruptcy court for 30 days after the first notice of appeal concerning that matter becomes effective under Rule 8002. After that time, the matter is pending in the district court or BAP." *Id.* Subsection (d) of the same Rule provides, "Only the court *where the matter is pending* under [Rule 8006](b) may certify a direct appeal to a court of appeals. The court may do so on a party's request or on its own." Fed. R. Bankr. P. 8006(d) (emphasis added).

The circuit court must then decide whether to accept the direct appeal following a bankruptcy or district court certification. Bankruptcy Rule 8006(g) specifies that, "Within 30 days after the date the certification becomes effective . . . [,] any party to the appeal may ask the court of appeals to authorize a direct appeal by filing a petition with the circuit clerk in accordance with Fed. R. App. P. 6(c)." Fed. R. Bankr. P. 8006(g).

And to close the loop, once the petition is accepted by the Fifth Circuit, leave is deemed granted under Bankruptcy Rule 8004(e) if the order appealed from is interlocutory. The proper procedure to seek direct appeal of an interlocutory order of the bankruptcy court is, therefore, to file a motion for certification along with the notice of appeal and a motion for leave to appeal. If both the bankruptcy court and the district court deny certification, or if the Fifth Circuit declines to accept the petition notwithstanding certification, then the district court may grant leave to appeal in the normal course.

### III.    Analysis[3]

#### A. Appellants' Motion for Order Certifying Direct Appeal

---

[3] Under Fed. R. Bankr. P. 8019(b), oral argument must be allowed unless the district judge "examines the briefs and record and determines that oral argument is unnecessary" for one of three reasons. Having examined the briefs and record, the Court determines that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Fed. R. Bankr. P. 8019(b)(3).

Appellants are requesting certification from this Court for direct appeal to the Fifth Circuit of the Claims Procedures Order. *See* ECF No. 10. In response, Debtor-Appellees contend that the Claims Procedures Order, "a procedural order by the Bankruptcy Court requiring holders of unliquidated claims to engage in settlement negotiations with the Debtors in good faith and participate in mediation prior to litigating their claims," "does not meet any of the requirements for certifying a direct appeal to the Fifth Circuit under [28 U.S.C. §] 158(d)(2)(A)." Resp. Br. (ECF No. 12 at 6).

As a threshold matter, and before the Court reaches the parties' arguments regarding whether Appellants have met the requirements for certifying a direct appeal to the Fifth Circuit under Section 158(d)(2)(A), the Court must determine whether Appellants seek relief in the proper forum. *See* Fed. R. Bankr. P. 8006. The parties have failed to address this issue.

As previously explained, pursuant to Bankruptcy Rule 8006, the matters at issue in the appeal remain pending in the bankruptcy court for thirty days following the effective date of the notice of appeal. *See* Fed. R. Bankr. P. 8006(b). In the present case, Appellants filed their Notice of Appeal on November 20, 2025 (ECF No. 1-1), and this matter, therefore, remained pending before the Bankruptcy Court for the purpose of considering a request for direct certification for thirty days. *See* Fed. R. Bankr. P. 8006(b), (d). Here, the thirtieth day fell on Saturday, December 20, 2025. Under Bankruptcy Rule 9006, if a time period specified in the Federal Rules of Bankruptcy Procedure is stated in days, and the last day of the time period "is a Saturday, Sunday, or legal holiday," "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1)(C). As such, under Rule 8006(b), the Court finds that this matter was "pending" in the Bankruptcy Court for the purpose of considering a request for direct certification through Monday, December 22, 2025. Accordingly, questions

**Amended Memorandum Opinion and Order - Page 5**

regarding certification became pending before this Court as of December 23—31 days after Appellants filed their notice of appeal regarding the Bankruptcy Court's Claims Procedures Order, as calculated pursuant to Bankruptcy Rule 9006.  Because Appellants filed their request for direct certification in this Court on December 22, 2025, while questions regarding certification were still pending before the Bankruptcy Court, this Court lacks the authority at this time to resolve Appellants' request. *See* Fed. R. Bankr. P. 8006(d) ("*Only* the court *where the matter is pending* under [Rule 8006](b) may certify a direct appeal to a court of appeals.") (emphasis added). The word "only" in Rule 8006(d) indicates that, for the 30 days following appeal, the Bankruptcy Court has sole authority to certify its order, judgment, or decree to the Court of Appeals.

Although application of Rule 8006 to the pending appeal may result in a surprising outcome (by requiring Appellants to have filed their certification request before the Bankruptcy Court), it is nevertheless the requirement of Rule 8006's unambiguous language, and consistent with the legislative intent behind the revision's enactment. *See* Fed. R. Bankr. P. 8006, advisory committee notes (noting that the "provision will in appropriate cases give the bankruptcy judge, who will be familiar with the matter being appealed, an opportunity to decide whether certification for direct review is appropriate"). The Court, therefore, finds that Appellants filed their certification request before the wrong court—an infirmity in Appellants' request that warrants, without more, the denial of the pending Motion for Order Certifying Direct Appeal (ECF No. 10).

### B. Debtor-Appellees' Motion to Dismiss Appeal

Debtor-Appellees seek to dismiss the appeal. In support, they contend that (i) the Claims Procedures Order was interlocutory in nature; (ii) Appellants failed to request leave to appeal an interlocutory order and; (iii) in any event, Appellants cannot satisfy the applicable standard justifying leave to appeal the Bankruptcy Court's interlocutory Claims Procedures Order. Debtor-

**Amended Memorandum Opinion and Order - Page 6**

Appellees' Resp. Br. (ECF No. 12 at 8-10). Debtor-Appellees, therefore, ask the Court to dismiss this appeal for lack of jurisdiction. *Id.* at 8-9, 19.

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from final bankruptcy court orders, from interlocutory orders issued under Section 1121(d) of Title 11, and with leave of the court, from other interlocutory orders. 28 U.S.C. § 158(a); *see also In re Phillips*, 844 F.2d 230, 233 (5th Cir. 1988) ("[T]he district courts may hear appeals from final judgments of the bankruptcy courts or appeals from interlocutory orders, if they grant leave."). To appeal a bankruptcy court's interlocutory order, an appellant "must file a notice of appeal, accompanied by a motion for leave to appeal." *In re O'Connor*, 258 F.3d 392, 397 (5th Cir. 2001); *see also* Fed. R. Bankr. P. 8004(a)(2). If the appellant fails to file the required motion for leave to appeal, but timely files a notice of appeal, the district court may nonetheless "treat the notice of appeal as a motion for leave and either grant or deny it." Fed. R. Bankr. P. 8004(d). A notice of appeal from an interlocutory order is timely if the notice is filed with the bankruptcy clerk no later than fourteen days after entry of the interlocutory order. *See* Fed. R. Bankr. P. 8004(a)(1); Fed. R. Bankr. P. 8002(a)(1).

"The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *Stumpf v. McGee*, 258 F.3d 392, 399-400 (5th Cir. 2001) (citation omitted). Appeals from bankruptcy courts are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. §158(c)(2). Thus, while Section 158(a)(3) does not provide a standard for determining when to grant leave, district courts have adopted the standard under 28 U.S.C. §1292(b) that applies to circuit court review of interlocutory district court orders. *See, e.g., In re Highland Cap. Mgmt., L.P.*, 2022 WL 394760, at *3 (N.D. Tex. Feb. 9, 2022) (Kinkeade, J.) (collecting cases); *see also*

**Amended Memorandum Opinion and Order - Page 7**

*Parson v. Unknown*, 2018 WL 3046248, at *2 (N.D. Tex. June 20, 2018) (Lindsay, J.) ("Section 158(a)(3) does not set forth a standard for determining whether to grant leave to appeal an interlocutory order from a bankruptcy court, but many district courts have adopted the standard for appeals under 28 U.S.C. § 1292(b).") (citing *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991)). "This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Ichinose*, 946 F.2d at 1177 (citation omitted). Interlocutory appeals under Section 1292(b) are reserved for "exceptional cases" where all three parts of the test are satisfied. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). Courts have held that Section 1292(b) "must be strictly construed" and that such interlocutory appeals "are generally disfavored." *Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs., Ltd.*, 125 F.4th 593, 598 (5th Cir. 2025) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *O'Connor*, 258 F.3d at 399-400.

### 1.  *The Claims Procedures Order is an interlocutory order.*

In support of their argument that the Claims Procedures Order is an interlocutory order, Debtor-Appellees contend, among other things, that:

> [b]ecause the Bankruptcy Court could still review and change the Claims Procedures Order, it is not a final order; a confirmation order would be a final order. The Claims Procedures Order is essentially an order to participate in mediation. Mandating mediation is within the Bankruptcy Court's discretion, typically decided case-by-case, involving fact intensive inquiries that make interlocutory orders unsuitable for immediate appellate review.

*Id*. Debtor-Appellees also note that, in a recent decision, United States District Judge Karen Gren Scholer determined that the *same* Claims Procedures Order at issue here is interlocutory in nature.

**Amended Memorandum Opinion and Order - Page 8**

*Id.* at 11 (citing *Hoffman v. Genesis Healthcare, Inc.*, No. 3:25-cv-03224-S (N.D. Tex. Mar. 2, 2026), Docket. No. 4 (the "March 2nd Order")). After considering the parties' contentions, the Court finds Debtor-Appellees' reasoning persuasive and agrees with Judge Scholer's decision. For the reasons set forth by Debtor-Appellees and in accordance with *Hoffman*, the court rejects Appellants' contention that the Claims Procedures Order is a final order and finds that it is an interlocutory order. *See Matter of Cluck*, 101 F.3d 1081, 1082 (5th Cir. 1996) (An order is an interlocutory order if the order "is not final and is subject to modification at the conclusion of the [bankruptcy] proceeding[.]").

### 2. Leave to appeal the bankruptcy court's interlocutory order is not warranted.

Federal district courts have jurisdiction to hear appeals of interlocutory orders arising from a bankruptcy proceeding with leave of court. 28 U.S.C. § 158(a)(3). To obtain leave of court, an appellant usually must "file a notice of appeal, accompanied by a motion for leave to appeal." *O'Connor*, 258 F.3d at 397; *see also* Fed. R. Bankr. P. 8004(a)(2). If the appellant fails to file a motion for leave to appeal, however, but timely files a notice of appeal, the district court may "treat the notice of appeal as a motion for leave and either grant or deny it." Fed. R. Bankr. P. 8004(d).

Appellants failed to file a motion for leave to appeal, but they filed a notice of appeal on November 20, 2025, *see* ECF No. 1-1, within fourteen days of when the Bankruptcy Court issued the order they seek to appeal. Because Appellants timely filed a notice of appeal, the Court, in its discretion, treats their notice of appeal as a motion for leave to appeal. *See In re Salubrio, LLC*, 2022 WL 837424, at *2 (W.D. Tex. Mar. 21, 2022) (treating appellant's notice of appeal as a motion for leave to appeal an interlocutory order). Doing so, however, does not establish that leave to appeal the Bankruptcy Court's interlocutory order is warranted in this case.

To determine whether an interlocutory appeal of the Bankruptcy Court's order is warranted, this Court must consider whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion and whether an immediate appeal from the order would materially advance the ultimate termination of the bankruptcy proceeding. *See* 28 U.S.C. § 1292(b); *see also Parson*, 2018 WL 3046248, at *2 (citing *Ichinose*, 946 F.2d at 1177).

In her March 2nd Order, after Judge Scholer determined that the same Claims Procedures Order at issue here is interlocutory in nature, she denied the Motion for Leave to Appeal Claims Liquidation Procedures Order of claimants holding negligence claims against certain of the Debtors and non-Debtor co-defendants seeking review of the same Claims Procedures Order that Appellants challenge here. *Hoffman*, No. 3:25-cv-03224-S (N.D. Tex. Mar. 2, 2026), Docket. No. 4 (the "March 2nd Order"). In that opinion, Judge Scholer found that,

> Appellants have not met the statutory criteria for an interlocutory appeal because they have not demonstrated that an appeal would materially advance the ultimate termination of the underlying bankruptcy proceeding. The Unliquidated Claim Procedures set forth "a standard methodology for informal and formal negotiations, fostering settlement and liquidation of Unliquidated Claims." Bankruptcy Ct. Order, Ex. 1 [ECF No. 1-2] 36. Considering that the Unliquidated Claim Procedures were "designed to promote the efficient liquidation of unliquidated claims against [Appellees] for purposes of [the] jointly administered bankruptcy cases[,]" *id.*, resolving an appeal in favor of Appellants would disrupt the settlement process and slow the ultimate termination of the underlying bankruptcy proceeding. Further, resolving whether the Bankruptcy Court had the authority to issue the Bankruptcy Court Order would not decrease the number of issues remaining before the Bankruptcy Court.

*Id.*, Doc. No. 4 at 3-4.

Here, the Court is considering the same Claims Procedures Order as that considered by Judge Scholer in *Hoffman*. Like Judge Scholer, and for the reasons she sets forth in her March 2nd Order, the Court similarly determines that Appellants have not met the statutory criteria for an interlocutory appeal because they have not demonstrated that an appeal would materially advance

**Amended Memorandum Opinion and Order - Page 10**

the ultimate termination of the underlying bankruptcy proceeding. Further, it is not apparent how resolving the question of the validity of the Claims Procedures Order "would eliminate the need for trial, simplify the issues for trial, or reduce the burden of discovery." *Celadon Trucking Servs., Inc. v. Moser*, 2019 WL 4226854, at *3 (E.D. Tex. Sept. 4, 2019) (citation omitted).

Because Appellants have not demonstrated that an appeal of the Bankruptcy Court's Claims Procedures Order would materially advance the ultimate termination of the litigation, they have not met their burden of showing that the Court should grant leave to appeal. Thus, the Court need not address the remaining Section 1292(b) factors. *See Center v. Reed (In re Center)*, 2020 WL 3129637, at *3 n.2 (N.D. Tex. June 12, 2020) (Brown, J.) (citation omitted).

As a result, the Court finds that leave to appeal the Bankruptcy Court's interlocutory order is not warranted. Having found that leave to appeal is not warranted, the Court further finds that it does not have jurisdiction to hear an appeal of the bankruptcy court's interlocutory order. *See* 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8004; *see also In re Highland Cap. Mgmt.*, L.P., 2022 WL 394760, at *5. The Court, therefore, grants Debtor-Appellees' Motion to Dismiss Appeal and will dismiss this appeal for lack of jurisdiction.

## IV.   Conclusion

Based on the foregoing, the Court **DENIES** Appellants' Motion for Order Certifying Direct Appeal (ECF No. 10); **GRANTS** Debtor-Appellees' Motion to Dismiss Appeal (ECF No. 22); and **DISMISSES** this appeal **without prejudice** for lack of jurisdiction. The clerk of court is **directed** to close this appeal.

**It is so ordered** this **28th** day of **May, 2026**.

_____

Ada Brown
UNITED STATES DISTRICT JUDGE